UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLEN A. DUGGAN,

                Plaintiff,

        v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

Case No. C17-5722 RSM

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

    Plaintiff, Allen A. Duggan, seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the ALJ erred by finding his impairments did not meet or equal a listed impairment, crediting unreliable medical records, and failing to consider all of his limitations. Dkt. 8. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

    Plaintiff is currently 27 years old, has at least a high school education, and has no past relevant work. Tr. 37. In 2009, plaintiff was a healthy, athletic 18-year-old who played soccer, tennis, and golf. Tr. 367, 470. For unknown reasons, his left leg then began wasting away and, by 2013, his doctor opined that he was "unlikely to become a physically active person" due to

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 1

the atrophy. Tr. 442-43. In January 2014, plaintiff applied for SSI benefits, alleging disability as of October 2011. Tr. 24. Plaintiff's applications were denied initially and on reconsideration. *Id*. After the ALJ conducted a hearing on March 4, 2016, the ALJ issued a decision finding plaintiff not disabled. Tr. 24-39.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the January 2014 application date.

**Step two:** Plaintiff has the following severe impairments: gastrocnemius and soleus muscle wasting of the left leg of unknown etiology, and congenital spinal stenosis with radiculopathy.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform sedentary work, lifting 20 pounds occasionally and 10 pounds frequently. He can stand and walk two hours and sit six hours a day. He may require the opportunity to change positions from seated to standing twice an hour for five minutes for pain relief without interrupting essential tasks. He may require the use of a cane when walking, so he can only carry items in one hand at a time. He cannot climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs. He can only occasionally operate foot controls with his left foot. He can frequently balance and occasionally stoop, crouch, kneel, and crawl. He can have no exposure to hazards. Plaintiff can handle simple and complex instructions in a setting that does not require teamwork or public contact.

**Step four:** Plaintiff has no past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, he is not disabled.

Tr. 26-39. The Appeals Council denied plaintiff's request for review, making the ALJ's decision

---

[1] 20 C.F.R. § 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

the Commissioner's final decision.  Tr. 1.

## DISCUSSION

**A. Listing**

Plaintiff contends the ALJ erred at step three by not finding that his impairment met or equaled Listing 1.02 based on an inability to ambulate effectively as defined in 1.00B2b. Dkt. 8 at 7 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02).

The ALJ wrote that "[i]n this case, the evidence does not demonstrate that the claimant has the degree of difficulty in ambulating as defined in 1.00B2b." Tr. 30.  The cited regulation states that "[i]neffective ambulation is defined generally as having insufficient lower extremity functioning … to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of **both** upper extremities." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(B)(2)(b)(1) (emphasis added). "Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or **two canes**…." *Id.* at § 1.00(B)(2)(b)(2) (emphasis added).

There is no dispute that plaintiff can walk using a single cane.  He testified that he can walk up to 20 or 30 minutes with a cane. Tr. 64, 70-71.  Nothing in the record suggests that he is unable to walk without "a walker, two crutches or two canes." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(B)(2)(b)(2).  The Ninth Circuit has explained in an unpublished decision that "the use of a two-handed assistive device is not necessary to establish ineffective ambulation under" Listing 1.02. *Dobson v. Astrue*, 267 F. Appx. 610, 612 (9th Cir. 2008).  However, plaintiff has not argued that he meets the definition in any other way, such as "the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the

inability to climb a few steps at a reasonable pace with the use of a single hand rail." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(B)(2)(b). Plaintiff testified that he can shop. Tr. 70-71. He reported he can walk about a quarter of a mile and is able to walk up the six steps to his house. Tr. 638. Plaintiff has not borne his burden of proof to show his conditions meet or equal a listing at step three. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (Although the ALJ shares the burden, the "burden of proof is on the claimant as to steps one to four."). The Court concludes the ALJ did not err by finding plaintiff's impairments did not meet or equal Listing 1.02.

**B.      Adam Burkey, M.D.**

Plaintiff, relying on news articles, argues that Dr. Burkey's treatment records and medical opinions must be disregarded because Dr. Burkey treated plaintiff at Seattle Pain Center, which was later closed because the license of its medical director, Frank Li, was suspended. Dkt. 8 at 5-6. The Commissioner argues that the Court should not consider the extra-record news articles, that in any case the suspension of Frank Li's license does not impugn Dr. Burkey's credibility, and that even if Dr. Burkey's records were stricken the ALJ relied on four other medical opinions that plaintiff does not challenge. Dkt. 9 at 9-11.

Regardless of whether it would be proper for the Court to consider news articles written after the ALJ's decision, and even if plaintiff's depiction of the events is accepted fully, no error is established. Just as it is improper to assume that doctors lie to help their patients obtain disability benefits, it is improper to assume that Dr. Burkey fabricated records to make plaintiff appear more functional than he is. *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) (ALJ "may not assume that doctors routinely lie in order to help their patients collect disability benefits."). Plaintiff does not point to any "evidence of actual improprieties" by Dr. Burkey. *Id.*

Plaintiff makes no connection at all between Dr. Burkey's records and Frank Li's license suspension and resulting clinic closure. The Court concludes the ALJ did not err by relying on Dr. Burkey's records.

**C.    Limits Due to Sleep Disturbance and Pain Management**

Plaintiff argues that the ALJ's RFC determination "fails to identify any limitations that would reasonably follow from Mr. Duggan's years of chronic pain management [or] sleep disturbance…." Dkt. 8 at 10. Plaintiff fails to identify any functional limitations that the RFC should have contained. Plaintiff also does not challenge the ALJ's assessment of his symptom testimony.

At the hearing, plaintiff testified that his sleep disturbance made him tired, fatigued, and "poorly motivated to do anything…." Tr. 74-75. He testified that his conditions made it "extremely difficult" to complete his last college classes because he "couldn't concentrate in class. It was difficult to stay sitting for an entire class period…." Tr. 75. He can sit for "45-50 minutes" maximum before needing to stand for five to ten minutes. Tr. 69. Plaintiff's briefing provides a string of citations to the record, but all the cited records reveal is fatigue, sometimes impaired concentration, and adequately managed pain. Dkt. 8 at 10-11 (citing Tr. 384, 446-47, 449, 454, 457, 459, 465-66, 474, 561-62, 564).

The ALJ's RFC determination accounted for plaintiff's described limitations by only permitting jobs that allow plaintiff "to change positions from seated to standing twice an hour for five minutes…." Tr. 31. The ALJ also imposed social limitations to improve plaintiff's ability to "sustain pace at work." Tr. 35, 31 (no "teamwork assignments" or "public contact"). Plaintiff identifies no additional limitations that are appropriate and supported by substantial evidence in the record.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 5

The Court concludes the ALJ did not err by failing to account further for plaintiff's sleep disturbances and chronic pain management.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 17 day of July, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE